

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VIRAG, S.R.L., a foreign corporation, | No. 16-15137 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-01729-LB |
| v. | |
| SONY COMPUTER ENTERTAINMENT AMERICA LLC and SONY COMPUTER ENTERTAINMENT INC, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Laurel D. Beeler, Magistrate Judge, Presiding

Submitted October 18, 2017[**]
San Francisco, California

Before: IKUTA and HURWITZ, Circuit Judges, and MOLLOY,[***] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

VIRAG, S.R.L. appeals the district court's order granting Sony Computer's motion to dismiss VIRAG's complaint asserting Lanham Act claims under 15 U.S.C. §§ 1114, 1125(a)(1)(A). We have jurisdiction under 15 U.S.C. § 1121(a) and 28 U.S.C. § 1291.

Because the Gran Turismo video games contain expressive elements such as characters, plot, music, and extensive interactions between players and the games' virtual world, they qualify as expressive works and are entitled to First Amendment protection. *See Brown v. Entm't Merchants Ass'n*, 564 U.S. 786, 790 (2011); *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1241 (9th Cir. 2013). VIRAG failed to argue that the Gran Turismo games constitute commercial speech in district court, and therefore waived this argument.[1] Even if we reached this argument, we would reject it because the games do not merely "propose a commercial transaction." *Dex Media W., Inc. v. City of Seattle*, 696 F.3d 952, 958 (9th Cir. 2012) (quoting *Va. Pharmacy Bd. v. Va. Citizens Consumer Council, Inc.*, 425 U.S. 748, 762 (1976)).[2]

---

[1] In the district court, VIRAG argued only that Sony's use of VIRAG's trademark resulted in commercial gain., , which is a distinct issue.

[2] We deny VIRAG's contested motion for judicial notice of the content of certain internet articles, because the articles are not "sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

The test set forth in *Rogers v. Grimaldi*, 875 F.2d 994, 999 (2d Cir. 1989), *see Mattel, Inc. v. MCA Records, Inc.*, 296 F.3d 894, 902 (9th Cir. 2003), applies regardless whether the VIRAG trademark has independent cultural significance, *see E.S.S. Entm't 2000, Inc. v. Rock Star Videos, Inc.*, 547 F.3d 1095, 1100 (9th Cir. 2008), or Sony's use of the trademark within the video game serves to communicate a message other than the source of the trademark, *see Elec. Arts*, 724 F.3d at 1243.

Applying the *Rogers* test, we conclude that the First Amendment bars VIRAG's Lanham Act claims. *Id.* at 1242. Sony's use of the VIRAG trademark furthers its goal of realism, a legitimate artistic goal, *see id.* at 1243, and therefore satisfies the requirement that Sony's use of the trademark have "above zero" artistic relevance to the Gran Turismo games. *Id.* Moreover, Sony's use of the VIRAG trademark meets the second requirement of *Rogers*, because VIRAG does not allege any "explicit indication, overt claim, or explicit misstatement" that would cause consumer confusion. *Id.* at 1245 (internal quotation marks and citation omitted).

**AFFIRMED**.